UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DEATRICK,

        Plaintiff,

     v.

SECURITAS SECURITY SERVICES USA,
INC.,

        Defendant.

Case No.  13-cv-05016-JST

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF
AMENDED SETTLEMENT**

Re: ECF No. 156

Before the Court is Plaintiff's unopposed Motion for Preliminary Approval of Amended Settlement and Modification of End-Date of Settlement Class.  ECF No. 156.

Plaintiff previously filed a Motion for Conditional Class Certification and Preliminary Approval of Settlement.  ECF No. 152.  The Court granted conditional class certification but denied the motion for preliminary approval, identifying two deficiencies in the proposed settlement.  ECF No. 155.  Having reviewed the changes made by the parties in response to the Court's order, the Court now grants the motion for preliminary approval.

## I.       BACKGROUND

### A.       The Parties and Claims

Named Plaintiff Michael Deatrick represents a class of individuals who are current and former employes of Defendant Securitas Services USA, Inc. ("Securitas"), a national provider of security services.  Deatrick worked for Securitas as a security guard for several years before he was laid off.  Plaintiff alleges that Securitas failed to pay Deatrick and other security guards the full overtime compensation they were owed, because Securitas failed to take into account in the overtime calculation the payments that security guards received in connection with Securitas' "Vacation Pay Plan" ("the Plan").  Third Am. Compl. ("TAC"), ECF No. 129, ¶¶ 8-16.  Plaintiff

1    alleges that Securitas improperly treated these payments as vacation payments under the FLSA,

2    even though such payments were, in practice, retention or productivity bonuses.

3           The TAC asserts a claim under the Fair Labor Standards Act ("FLSA") for failure to pay

4    overtime wages against Securitas on his own behalf and on behalf of a putative class of Securitas

5    employees who were subject to the Plan.  Additionally, it asserts the following claims: (1) a claim

6    for failure to pay overtime wages in violation of California Labor Code sections 510 and 1198; (2)

7    a claim for inaccurate wage statements in violation of California Labor Code sections 226 and

8    1174; (3) a claim for waiting time penalties under California Labor Code section 203 for failure to

9    pay the wages owed upon termination; (4) a claim under California's Unfair Competition Law

10   ("UCL"); (5) violation of overtime and wage premium laws in eight other states besides

11   California; and (6) a claim under California's Private Attorneys General Act.  TAC, ¶¶ 46-105.

12          Plaintiff's claims revolve around Securitas's policy for vacation pay.  See Order Denying

13   Motion for Summary Judgment ("Summary Judgment Order"), ECF No. 38 at 2-4 (also describing

14   factual background of Plaintiffs' claims).  Under the terms of the Plan, employees do not receive

15   pay while on vacation, but rather receive their vacation pay benefits in an annual lump sum:

16          Payment of Vacation Pay. A Contract Services Employee *shall not receive any pay
            *during his vacation*. Rather, all vacation pay benefits shall be paid annually in a lump
17          sum as soon as possible following the Contract Services Employee's Anniversary Date.

18   Id. at 2-3 (quoting ECF No. 31, Walsh Decl., Ex. A at SUSA 0042-45 (emphasis added); ECF No.

19   31, Walsh Decl. Ex. T at 2, Ex. U at 2, Ex. V at 2).  The payments that Deatrick and other

20   employees received under the Plan on a yearly basis were calculated based on (1) years of service;

21   (2) the number of hours worked in the immediately preceding year; and (3) the most frequent rate

22   of pay during the year.  Id. at 3.  To be eligible for annual payments under the Plan, an employee

23   must have worked at least 1560 hours in the preceding year.  Id. (quoting ECF No. 31, Walsh

24   Decl. Ex. A at SUSA 0042-45).

25          One result of this, Plaintiff asserts, is that if an employee ends his employment before his

26   anniversary date for any reason (including termination by the employer), he will not receive his

27   vacation benefits for that year.  Id. at 3; TAC, ¶ 15-16.  Moreover, because it considered the

28

United States District Court
Northern District of California

annual lump sum to be a bonus, Securitas did not include the vacation pay in its assessment of employees' "regular rates" for calculation of overtime.  TAC, ¶¶ 27-30.

**B.      Procedural Background**

On May 9, 2014, Securitas filed a Motion for Summary Judgment or in the alternative, for Partial Summary Judgment, ECF No. 31, which the Court denied on June 23, 2014, ECF No. 38. In its motion, Securitas advanced three arguments:

> First, Securitas contends that Deatrick's FLSA claim fails as a matter of law because the payments at issue fall within the vacation pay exemption to the FLSA's overtime calculation. Second, Securitas argues that all of Deatrick's claims for violations of California's labor laws also fail because they are preempted by ERISA, as the payments at issue are paid out of an ERISA trust and not out of Securita's general funds. Finally, Securitas argues that, to the extent that Deatrick's state claims are not preempted by ERISA, it is entitled to partial summary judgment on the issues of willfulness and intent in connection with these claims.

Id. at 5.  The Court denied summary judgment on all three issues.  Id. at 15.

Deatrick filed a motion for conditional class certification on July 24, 2014, ECF No. 45. On November 4, 2014, the Court certified the following FLSA class:

> All persons throughout the United States, including its territories and possessions:
>     1. who are or were security employees of Securitas Security Services USA, Inc.;
>     2. who received annual lump-sum vacation pay upon an anniversary of employment since October 28, 2010; and
>     3. who were required to be employed on their anniversaries of employment to receive vacation pay.
> Attorneys for the parties, any Judge to whom this case is assigned, and their respective staffs and immediate families are excluded from the class.

ECF No. 65 at 2.  It also approved the proposed notices and consent forms and ordered them distributed to the putative class.  Id. at 3.  The currently operative complaint, the Third Amended Complaint, was filed on May 20, 2015.  See TAC, ECF No. 134.  The parties have informed the Court that this class consists of 24,281 members.  ECF No. 152 at 4.

On November 9, 2015, Plaintiff moved for preliminary approval of a class settlement reached by the parties, and for conditional certification of an additional California opt-out class defined as:

> All individuals currently and formerly employed by Defendant who: (i) were employed in California as security employees at any time between October 28, 2009 and the date the Court grants preliminary approval of this Settlement; (ii)

3

received annual lump-sum vacation pay upon an anniversary of employment since October 28, 2009; and (iii) who were required to be employed on their anniversaries of employment to receive vacation pay. Counsel for Securitas, the Judge to whom this case is assigned, as well as their respective staffs and immediate families are specifically excluded from the class.

ECF No. 152 at 14.  Defendant submitted a statement of non-opposition.  ECF No. 153.

On February 24, 2016, the Court granted the motion for conditional class certification but denied the motion for preliminary approval.  ECF No. 155.  The Court noted two deficiencies in the proposed settlement:  (1) insufficient explanation of the "reasonable steps" to be taken if settlement notices are returned as undeliverable; and (2) a separate claims form procedure for the California class, with no explanation why such a procedure was necessary.  Id. at 11-13.

On March 8, 2016, Plaintiff filed a Motion for Preliminary Approval of Amended Settlement and Modification of End-Date Settlement Class.  ECF No. 156.  The motion identifies changes made to the stipulated settlement agreement in response to the Court's order, as well as a small increase to the settlement amount and a proposed modification of the definition of the conditionally certified class.  Id.  Defendant submitted a statement of non-opposition on March 16, 2016.  ECF No. 159.

## II.    CLASS CERTIFICATION

### A.    Legal Standard

Class certification under Rule 23 of the Federal Rules of Civil Procedure is a two-step process.  First, a plaintiff must demonstrate that the four requirements of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy.  "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied."  Wang v. Chinese Daily News, Inc., 709 F.3d 829, 833 (9th Cir. 2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)).

Second, a plaintiff must establish that the action meets one of the bases for certification in Rule 23(b). Here, because they rely on Rule 23(b)(3), Plaintiffs must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . [that] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that all four requirements of Rule 23(a) and at least one of the three requirements under Rule 23(b) are met. See Wal-Mart, 131 S. Ct. at 2551.

### B. Proposed Class Modification

The Court has previously conditionally certified a second California class in addition to the nationwide FLSA class, which is defined as follows:

> All individuals currently and formerly employed by Defendant who: (i) were employed in California as security employees at any time between October 28, 2009 and the date the Court grants preliminary approval of this Settlement; (ii) received annual lump-sum vacation pay upon an anniversary of employment since October 28, 2009; and (iii) who were required to be employed on their anniversaries of employment to receive vacation pay. Counsel for Securitas, the Judge to whom this case is assigned, as well as their respective staffs and immediate families are specifically excluded from the class.

ECF No. 155 at 4.

Plaintiff now requests that the class be modified to establish an end date of December 31, 2015, rather than "the date the Court grants preliminary approval of this Settlement."  ECF No. 156 at 20.  Plaintiff explains that it used the original definition of the California class because at the time, it was possible that preliminary approval would have been granted prior to December 31. Id.  He further explains that because Defendant ended its challenged "vacation pay" policy on July 1, 2015, this change will not affect any class members or settlement amounts.  Id.

The Court concludes that this modification is appropriate and does not affect the class's sufficiency under Rule 23.  The modification is approved.

### III. PRELIMINARY APPROVAL

### A. Legal Standard

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions.  Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  Courts generally employ a two-step process in evaluating a class action settlement.  First, courts make a "preliminary determination" concerning the merits of the settlement and, if the class action has settled prior to class certification, the propriety of certifying the class.  See Manual for Complex Litigation, Fourth ("MCL, 4th") § 21.632 (FJC 2004).  "The initial decision to approve or reject a

settlement proposal is committed to the sound discretion of the trial judge." <u>City of Seattle</u>, 955

F.2d at 1276.  Courts "must be particularly vigilant not only for explicit collusion, but also for

more subtle signs that class counsel have allowed pursuit of their own self-interests and that of

certain class members to infect the negotiations." <u>In re Bluetooth Headset Prods. Liab. Litig.</u>, 654

F.3d 935, 947 (9th Cir. 2011).

The Court's task at the preliminary approval stage is to determine whether the settlement

falls "within the range of possible approval." <u>In re Tableware Antitrust Litig.</u>, 484 F. Supp. 2d

1078, 1080 (N.D. Cal. 2007) (quotation omitted); see also MCL, 4th § 21.632 (explaining that

courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of

the settlement terms and must direct the preparation of notice of the certification, proposed

settlement, and date of the final fairness hearing.").  Second, courts must hold a hearing pursuant

to Rule 23(e)(2) to make a final determination of whether the settlement is "fair, reasonable, and

adequate."

Preliminary approval of a settlement is appropriate if "the proposed settlement appears to

be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does

not improperly grant preferential treatment to class representatives or segments of the class, and

falls within the range of possible approval." <u>In re Tableware</u>, 484 F. Supp. 2d at 1079 (quotation

omitted).  The proposed settlement need not be ideal, but it must be fair and free of collusion,

consistent with counsel's fiduciary obligations to the class.  <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d

1011, 1027 (9th Cir. 1998) ("Settlement is the offspring of compromise; the question we address is

not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate

and free from collusion.").  To assess a settlement proposal, courts must balance a number of

factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely
> duration of further litigation; the risk of maintaining class action status throughout
> the trial; the amount offered in settlement; the extent of discovery completed and
> the state of the proceedings; the experience and views of counsel; the presence of a
> governmental participant; and the reaction of the class members to the proposed
> settlement.

<u>Id.</u> at 1026 (citations omitted).  The proposed settlement must be "taken as a whole, rather than the

United States District Court
Northern District of California

individual component parts" in the examination for overall fairness.  Id.  Courts do not have the ability to "delete, modify, or substitute certain provisions"; the settlement "must stand or fall in its entirety."  Id.

### B.      Terms of the Settlement

The Court previously described the terms of the proposed settlement, see ECF No. 155 at 9-11, which have for the most part remained unchanged.

The proposed settlement provides for a total payment of $2,550,000 by Securitas.  Motion, ECF No. 156 at 11.  Plaintiff notes that this amount has been increased by $50,000, and that some other apportions of the settlement have been adjusted to allow for a total increase of $85,000 to the settlement award for class members.  Id. at 15.  Taking these adjustments into account, the parties propose to divide the settlement amount approximately as follows:

- o  $1,385,000:     Settlement award to both classes (was previously $1,300,000)
- o  $125,000:       Notice and settlement administration (was previously $125,000)
- o  $10,000:        PAGA Penalty
     - ▪  $7,500 to state of California
     - ▪  $2,500 to affected employees
- o  $5,000:         Plaintiff's incentive award (was previously $12,000)
- o  $1,025,000:     Attorney's fees and costs (was previously $1,043,000)
     - ▪  $210,000:     Cost of notice for FLSA collective action
     - ▪  $50,000:      Damages experts
     - ▪  $35,000:      Discovery, mediation, and other litigation costs
     - ▪  $730,000:     Attorney's fees (was previously $748,000)

Id. at 11.  The settlement is non-reversionary, and unclaimed funds will be paid to the unclaimed property funds of California and the states in which opt-in plaintiffs last resided.  Id. at 10.  Individual damages for each person will be based on each year in which he or she received a lump sum of vacation pay within the applicable statutory period.  Id. at 12.  For employees in California, that period is October 28, 2009 through December 31, 2015.  For employees outside of California, that period is October 28, 2010 through December 31, 2015.  Id.  Damages for each

United States District Court
Northern District of California

1    year will be determined by: "(1) dividing the amount of vacation pay received in the year by total

2    hours worked in the year, (2) multiplying this quotient by .5 time the number of regular overtime

3    hours worked in the year, and (3) adding the quotient multiplied by the number of double-time

4    hours worked in the year." Id.

5         As discussed further below, the parties have agreed to remove the claims form procedure

6    for the California class in response to this Court's prior order.  Thus, Plaintiff asserts that the

7    changes to the settlement amounts were made to account for the assumed increase in the

8    California class due to removing this procedure.  Id. at 15.  They previously had estimated 60% of

9    class members would submit claims, and now assume a 100% participation rate.  Id.  Accordingly,

10   they agreed to a $50,000 increase in the amount to be paid by Defendant, an $18,000 decrease in

11   requested attorney's fees, a $7,000 decrease in requested incentive award for Plaintiff, and a

12   $10,000 savings in notice and administration costs due to elimination of the claims form

13   procedure.  Id. at 15-16.

14        In exchange, class members will release "all disputes and claims arising from or related to

15   facts alleged in the Action and which are based on facts, events and/or actions during the Class

16   Period.  These include all claims that have been or could have been made, including claims not

17   known or suspected to exist, against Defendant under federal, state or local law or regulation . . .

18   arising during the Class Period, arising out of allegations that Defendant mislabeled annual

19   nondiscretionary bonuses paid to security guards as vacation pay and, as a result, failed to include

20   the payment in the regular rate of pay for purposes of calculating overtime or other premium pay."

21   In addition, they will also release "derivative claims arising from the alleged failure to properly

22   calculate overtime or other premium pay, including (but not limited to) claims that Defendant

23   failed to provide accurate pay statements, that Defendant failed to pay all wages when due and/or

24   on termination, and claims made under the California Private Attorneys General Act (PAGA),

25   whether in an individual or representative capacity."  ECF No. 156-1 ("Amended Joint Stipulation

26   and Settlement of Class Action Claims") at ¶ 21.

27        **C.    Analysis**

28        Though the Court identified two deficiencies in its previous order, it noted that the

United States District Court
Northern District of California

proposed settlement amount fell within the range of possible approval, and that there were several risks to pursuing further litigation rather than settling, such as that Securitas could show a good faith defense or could successfully enforce class action waiver and arbitration clauses.  ECF No. 155 at 10-11.  The Court again concludes that the proposed settlement amount, taking into account the increases proposed in the parties' amended settlement, falls "within the range of possible approval."

As also previously noted, the Court will evaluate attorneys' fees and incentive awards at the final approval hearing.  The Court noted that Plaintiff's prior request for $748,000, or 29.9% of the total settlement award, fell within the range of approval – this remains true following Plaintiff's amended request for $730,000, or 28.6% of the amended total settlement award.  As for the proposed incentive award for named plaintiff Deatrick, the Court noted that the Plaintiff's prior request of $12,000 was unlikely to be approved given the discrepancy between that request and the far smaller amounts being awarded to class members.  Id. at 11 (noting the requested $12,000 was approximately 270 times the size of the stated average award for other class members).  The Court notes that the parties have reduced this amount to $5,000 to lessen this discrepancy.  However, the Court will wait to complete this analysis until the final approval stage.

The Court now turns to the two discrepancies identified in its previous order.

### 1.      Notice Procedure

The parties propose to provide notice of settlement through first class mail to addresses provided by Defendant's employee records.  ECF No. 156 at 19.  As noted in the Court's prior order, the parties had previously stated merely that "reasonable steps" will be taken if the notices were returned as undeliverable, which was not sufficiently specific.  ECF No. 155 at 11.

The amended motion now states that "Names and mailing addresses will be provided from Defendant's employment records, which will then be updated against the National Change of Address Database maintained by the United States Postal Service. For Notices returned as undeliverable, the Claims Administrator shall conduct an advanced skip trace to locate most recent addresses, and Notice will be resent to those addresses."  ECF No. 156 at 19.  A description of the specific procedures that will be taken for undeliverable notices remedies the deficiency identified

9

by the Court.

The Court further concludes that the proposed notice procedure should be approved.  The notice describes the nature of the action, the certified classes, the class claims, and the terms and effects of the settlement.  ECF No. 156-2 ("Proposed Class Notice").  It provides instructions for how to participate in the settlement, opt out, or object to it, and provides a contact number and website should recipients have additional questions.  Id.

## 2.    Claim Form Procedure

The parties' prior proposed settlement provided that members of the opt-in FLSA class would not need to submit any paperwork to automatically receive their share of the settlement payment, but that members of the California class would need to submit a claims form within 30 days.  ECF No. 155 at 12.  The claims form required only a signature and also included an option to submit a different address.  Id.  The Court noted that Plaintiff had failed to explain why this procedure was necessary, why it applied to the California class but not the FLSA class, and why it was appropriate to require a claims form for class members who would nevertheless be bound by the settlement agreement's release unless they opted out.  Id.

The parties' amended proposed settlement removes the claims form procedure for the California class.  ECF No. 156 at 14-15.  Both the FLSA class and the California class will receive their settlement shares without the need to submit any kind of paperwork.  Accordingly, the parties have addressed the Court's concerns with regards to this procedure.

## CONCLUSION

The Motion for Preliminary Approval of Amended Settlement is granted.  The Court therefore orders as follows:

1.    The Court preliminarily approves the agreement set forth in the Amended Joint Stipulation and Settlement of Class Action Claims.  See ECF No. 156-1.

2.    The conditionally-certified class certified in this Court's prior order, ECF No. 155, is modified to be defined as follows:

All individuals currently and formerly employed by Defendant who: (i) were employed in California as security employees at any time between October 28, 2009 and December 31, 2015; (ii) received annual lump-sum vacation pay upon an anniversary of employment since October 28, 2009; and (iii) who were required to

be employed on their anniversaries of employment to receive vacation pay. Counsel for Securitas, the Judge to whom this case is assigned, as well as their respective staffs and immediate families are specifically excluded from the class.

3.      The Court appoints Rust Consulting as the Settlement Administrator.

4.      The Court sets the following dates and deadlines:

| Deadline | Action |
|---|---|
| Thirty (30) calendar days after the Court enters the Preliminary Approval Order | The Settlement Administrator will mail the Notice of Proposed Settlement to the California class |
| Five (5) calendar days from return date of undeliverable Settlement Documents | The Settlement Administrator will either re-send to forwarding address or conduct advanced skip trace to locate and re-send to most current address |
| Thirty (30) calendar days after the mailing date of the Notice of Proposed Settlement | Deadline for California class members to postmark a written request for exclusion from the settlement |
| Thirty five (35) calendar days prior to the Final Approval Hearing | Deadline for California class members to inform the Court and parties in writing of intent to object to the settlement |
| Fifteen (15) calendar days prior to the Final Approval Hearing | The Settlement Administrator will provide the Court with a declaration of due diligence and proof of mailing in regards to the Notice of Proposed Settlement |

5.      The Court sets the Final Approval Hearing for September 22, 2016 at 2:00 p.m. Counsel's memorandum of points and authorities in support of final approval, responses to any objections, and application for attorneys' fees, costs, expenses, and service awards shall be filed by September 1, 2016.

   **IT IS SO ORDERED.**

Dated: April 7, 2016

_____

JON S. TIGAR
United States District Judge